[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14081
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20088-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGELA FERDINAND,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 17, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Angela Ferdinand pled guilty to three counts of a seven-count indictment: Count 1, conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 1029(b)(2); Count 2, credit card fraud, in violation of 18 U.S.C. § 1029(a)(2); and Count 4, aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  And the District Court sentenced her to concurrent prison terms of 24 months on Counts 1 and 2 and a consecutive 24-months' term on Count 4.  She now appeals her sentences.

Ferdinand argues that the District Court committed "plain error" by enhancing the base offense level for credit card fraud by two levels for identity theft and erred in calculating the amount of loss associated with the fraud.  We find no plain in error the court's two-level enhancement.  And we find no error in its calculation of the loss.  Ferdinand's sentences are accordingly affirmed.

We begin our assessment of Ferdinand's arguments with a brief description of her criminal activity.  Ferdinand participated in a conspiracy to commit credit card fraud.  The conspirators acquired personal information about the victims and used it to obtain multiple credit cards.  Ferdinand made calls to credit card companies and arranged for the companies to send replacement cards to addresses the conspirators, including Ferdinand, used to receive mail.  The conspirators then used the cards to purchase goods and obtain cash.  The sum total of fraudulent

2

purchases and cash withdrawals was $129,202.  Ferdinand shared with her co-conspirators what the fraud yielded.

The District Court grouped Counts 1 and 2 to calculate the guideline sentence range for those counts; it then added the mandatory term (24 months' imprisonment) called for by the Court 4 offense.  The court determined the sentence range for Counts 1 and 2 this way.  U.S.S.G. § 2B1.1(a)(2) provided the base offense level of 6.  The court enhanced that level by two levels pursuant to § 2B1.1(b)(11)(C)(i) for the use of identity theft and 10 levels pursuant to §2B1.1(b)(1)(F) for losses exceeding $120,000.  It then reduced that total of 18 by three levels under § 3E1.1 for acceptance of responsibility, for an adjusted offense level of 15.  That total coupled with a criminal history category of III yielded a sentence range for Counts 1 and 2 of 24-30 months imprisonment; that added to the 24 months on Count 4, resulted in a sentence range of 48-54 months' imprisonment (24-30 months on Counts 1 and 2 plus and 24 months on Count 4).  The court then imposed the sentences indicated above.

The District Court erred in enhancing the base offense level for Counts 1 and 2 under § 2B1.1(b)(11)(C)(i).  Application Note 2 to U.S.S.G. § 2B1.6 prohibits enhancements to related offenses when the defendant is separately convicted for identity theft.  And the error is plain.  Under the plain error doctrine, to obtain relief Ferdinand must show in addition that the error affects her substantial rights

3

and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Snipes*, 611 F.3d 855, 867 n.7 (11th Cir. 2010). As a general matter, to affect substantial rights, the error must have been prejudicial; that is, it must have affected the outcome of the proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

In this case, we are not persuaded that the error affected Ferdinand's substantial rights—that she would have received a different sentence had the District Court omitted the two-level § 2B1.1(b)(11)(C)(i) enhancement for identity theft. *Rodriguez*, 398 F.3d at 1300. We say this because, at the sentencing hearing, in denying Ferdinand's request for a two-level minor role adjustment of her offense level (for Counts 1 and 2), the court indicated that she would receive the same sentence whether or not it made the adjustment. So, it is absolutely unclear what sentence the court would have imposed had it eliminated the two level § 2B1.1(b)(11)(C)(i) enhancement. That aside, there are no indications at all that affirming her sentences on Counts 1 and 2 will affect the "fairness, integrity, or public reputation of the judicial proceeding." Ferdinand's plain error argument accordingly fails. We turn, then, to her argument about the loss calculation, which, if clearly erroneous, would have lowered the loss calculation under § 2B1.1(b)(1).

We review the District Court's calculation of the amount of loss—a factual finding—for clear error. *United States v. Cabrera*, 172 F.3d 1287, 1292 (11th Cir.

4

1999).  Clear error exists when this Court is "left with a definite and firm conviction that a mistake has been made." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir.), cert. denied, 133 S.Ct. 629 (2012).  The amount of loss is the greater of actual loss or intended loss, and includes amounts the defendant "knew or, under the circumstances, reasonably should have known [were] potential loss[es] of the offense."  U.S.S.G. § 2B1.1, comment. (n.3).  The calculation of loss does not have to be rigorously precise, only reasonable given the information available.  *Cabrera*, 172 F.3d at 1292.

The facts before the court at sentencing established that Ferdinand ordered unauthorized cards with information provided by her co-conspirators, had the cards sent to her residence address, or her father's address, or a co-conspirator's, and engaged in fraudulent transactions with the cards.  Hence, the court found that she was involved in the overall conspiracy and thus was accountable for losses the conspiracy caused the four victims, in excess of $120,000.  Her argument that the court erred in fixing the amount of loss therefore fails.

AFFIRMED.